UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81445 Rosenberg/Reinhart

LISA CORSON,
          Plaintiff,
v.

GREGORY CHARLES INTERIORS, LLC,

          Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (ECF NO. 12)

Before the Court is the Plaintiff's Motion for Final Default Judgment ("Motion"). ECF No. [12]. This matter was referred to me by the Honorable Robin L. Rosenberg for a Report and Recommendation. ECF No. [13]. I have reviewed the Motion and its exhibits; there has been no response to the Motion. Plaintiff seeks to recover $57,600.00 in statutory damages, $3,820.00 in attorneys' fees, and $448.10 in costs, for a total damages award in the amount of $61,868.10. ECF No. [12]. Plaintiff also seeks a permanent injunction. ECF No. [12]. For the reasons set forth below, I recommend that the Motion be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

In 2015, the Plaintiff, Lisa Corson, created a photograph (the "Work") and registered the Work with the Register of Copyrights on June 9, 2015. *See* ECF No. [1]; *see also* ECF No. [12-2]. The Defendant, Gregory Charles Interiors, Inc ("GCI"), never acquired a license or permission from Corson to use the Work. *See* ECF Nos. [1], [12-2]. Nevertheless, on a date after the Work was registered but before June 14, 2019, GCI copied and distributed the Work on its website in order to advertise, market and promote its business. *See* ECF No. [1] at ¶ 4.

After GCI failed to respond to Corson's demand letters, Corson filed a Complaint against GCI, bringing one count for copyright infringement under 17 U.S.C. § 501 and one count for removal of copyright management information under 17 U.S.C. § 1202(b). *See* ECF No. [1]. GCI was served with the Complaint on November 22, 2019. ECF No. [9]. The date for GCI to file an Answer to the Complaint was December 13, 2019. *Id.* Following GCI's failure to respond, on January 7, 2020, the Clerk entered a default against GCI. ECF No. [11]. On April 21, 2020, Corson filed the present Motion, seeking statutory damages under 17 U.S.C. § 504 (specifically, an amount three times her actual damages and based on the willful conduct of GCI), attorneys' fees and costs under 17 U.S.C. § 505, and an injunction pursuant to 17 U.S.C. § 502. ECF No. [12]. Corson attached to the Complaint and/or Motion a copy of the copyright certificate, screenshot of her copyrighted work being displayed on GCI's webpage, affidavits from herself and her counsel Joel Rothman, a copy of the April 29, 2019 letter giving notice to GCI, and a copy of the requested attorney's fees. ECF Nos. [1], [12]. The Court has considered the Motion, its attached exhibits, the record and applicable law, and is otherwise fully advised.

## **FINAL DEFAULT JUDGMENT**

A default "admits the plaintiff's well-pleaded allegations of fact [and] is concluded on those facts by the judgment." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). To state a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc.v. Nation Enter.*, 471 U.S. 539, 548 (1985)). Corson has pled all necessary facts to establish a claim of copyright infringement against GCI. *See* ECF No. [1]. After determining liability, the "court determines the amount and character of

2

damages to be awarded." *Isaula v. Chicago Rest. Grp., LLC*, No. 13-CV-24387, 2014 WL 3477917, at *1 (S.D. Fla. July 11, 2014) (J. King).

## STATUTORY DAMAGES

As the Court considers just, a copyright owner is entitled to recover statutory damages for a "sum of not less than $750 or more than $30,000" when the Plaintiff's exclusive rights are infringed. 17 U.S.C. § 504(c)(1). Where the copyright infringement was willfully committed, the court may use its discretion to increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2). Willful infringement occurs when the Defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterprises, Inc.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464 (E.D.Pa.1987)). The Court may infer that the Defendant willfully infringed the Plaintiff's copyright through the Defendant's default. *Id.* at 1313. When awarding increased damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

When a defendant does not provide the court with expenses saved and profits reaped from the infringement, courts may look to actual damages as well as the willfulness of the infringement and award an amount of two to three times the actual damages in order to compensate the plaintiffs fully and deter future infringements by the defendant. *See Affordable Aerial Photography, Inc. v, VisitWPB.com, Inc*, No. 17-CV-81306-BB, 2018 WL 6519104, at *2 (S.D. Fla. April 23, 2018) (J. Bloom); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of

3

statutory damages of an amount approximately three times what the defendant would have paid to be licensed "is a modest, just and appropriate award under section 504(c)(1)"); *Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143, at *15 (W.D. Tex. May 3, 2011) ("[I]n light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630, at *6 (S.D. Tex. Oct. 18, 2007).

In an affidavit attached to her Motion, Corson swore that she typically licenses "a photograph for promotional commercial licensing for $2,400." ECF No. [12-2] at 2. Additionally, Corson submitted evidence establishing GCI's infringement at least two years prior. Therefore, Corson would have charged GCI $4,800.00 for licensing the Work.

Corson believes that the scarcity of this work should also be considered in this Court's evaluation. Corson employed several techniques that she perfected over her career including: "professional strobe lighting to give the photos a polished, yet natural look. Most images were shot on a tripod with custom lighting setups that [Corson's] years of experience shooting homes and interiors has allowed [her] to execute with precision and speed. Selecting the proper lenses and aligning the camera properly is crucial to high-end architectural photography." ECF No. [12-2] at 3. Corson "then spent 2 working days processing the approximately 400 photographs using [her] proprietary adjustments to color, contract, levels, etc.; selected [her] favorites; made individual adjustments to those 92 files; then submitted them along with dozens of video clips to [her] editor." *Id.* The Court finds Corson's request for a scarcity multiplier of four is appropriate to reflect the fair market value of Corson's Work. *See Affordable Aerial Photography, Inc. v. VisitWPB.com, Inc*, No. 17-CV-81306-BB, 2018 WL 6519104, at *2 (S.D. Fla. April 23, 2018) (J. Bloom)

4

(applying a scarcity multiplier of six to an infringed work of photography); *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a multiplier of three to five times the benchmark because of the scarcity factor of a stem cell image). Therefore, Corson's actual damages are $19,200.00 (the licensing fee over two years times a scarcity multiplier of four).

Corson seeks statutory damages as a result of GCI's willful infringement upon the Work. Willful infringement occurs when the Defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterprises, Inc.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (J. Cohn) (citing *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464 (E.D.Pa.1987)). Here, Corson sent GCI two notices of its infringement prior to the date this suit was filed. Corson's notice letters, dated April 29, 2019 and June 14, 2019, received no response from GCI. Further, GCI received notice of its infringement when it was served the Complaint in this action. ECF No. [1]. Notwithstanding prior instances of notice, "this Court may infer that Defendant willfully infringed Plaintiffs' copyrights because of Defendants' default." *Arista Records, Inc*., 289 F. Supp. 2d at 1313 (internal citations omitted). I find that GCI's infringing conduct was willful. Accordingly, Corson is entitled to a tripling of her actual damages of $19,200.00 *See Affordable Aerial Photography, Inc.,* 2018 WL 6519104, at *2 (finding Defendant's willful infringement entitled the Plaintiff to a trebling of its actual damages); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the defendant would have paid to be licensed "is a modest, just and appropriate award under section 504(c)(1)"). I thus recommended awarding Corson $57,600.00 in statutory damages.

## **PERMANENT INJUNCTION**

Corson also requests a permanent injunction against GCI to protect against further infringement. The Copyright Act provides for injunctive relief specifically in Section 502(a). "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant ... final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499, n. 17 (11th Cir.1984) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). Courts regularly issue injunctions as part of final default judgments. *See, e.g.*, *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347–48 (S.D.Fla.1999) (entering permanent injunction against copyright infringement on default judgment). In light of GCI's continued use of Corson's Work after being put on notice of the infringement, a permanent injunction is appropriate. *See Arista Records*, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

## **ATTORNEYS' FEES AND COSTS**

A. Legal Basis for Fees

The Copyright Act authorizes courts to award full costs, including reasonable attorney's fees, to the prevailing party. 17 U.S.C. § 202. While courts have discretionary authority to award attorney's fees, courts award Plaintiffs "full costs and attorney's fees" to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *Arista Records, Inc. v. Beker Enterprises, Inc.,* 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) (quoting *A & N Music Corp. v. Venezia*, 733 F.Supp. 955, 959

6

(E.D.Pa.1990)). In copyright cases, "although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Id.* (quoting *Jobete Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 10 (S.D.Miss.1994) (citing Micromanipulator Co. v. Bough, 779 F.2d 255 (5th Cir.1984))); *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F. Supp. 224, 227 (M.D.Fla.1995).

    B.  Calculation of Attorney's Fees: The Lodestar Method

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)); *see Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985) (adopting the Lodestar approach for computing reasonable attorney fees in Florida).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed . . .'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (J. Goodman) (quoting *Barnes*, 168 F.3d at 427). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust*

*Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

   C. <u>Calculating the Lodestar</u>

      *a. Requested Hourly Rates*

Corson requests the Court award attorney's fees in the amount of $3,820.00 for work performed by SRIPLAW, P.A. ECF No. [12] at 25.

i.  Hourly Rates of Senior Attorneys

Joel Rothman was admitted to the Florida Bar in 1996 and is Board Certified in Intellectual Property by The Florida Bar. He seeks an hourly rate of $395.00. ECF No. [12-1] at 2. This rate is reasonable. *See e.g. Palm Partners, LLC v. Netnames A/S*, No. 17-CV-80577, 2018 WL 4208348, at *3 (S.D. Fla. July 20, 2018) (J. Matthewman), *report and recommendation adopted*, No. 17-CV-80577, 2018 WL 4208339 (S.D. Fla. Aug. 30, 2018) (J. Marra) (finding $425 to be a reasonable rate for partners who have been practicing for 10 years).

ii.  Hourly Rates of Associate Attorneys

Craig Wirth was admitted to the Florida Bar in 2016. He seeks an hourly rate of $350.00. The requested rate is reasonable for an associate. See e.g. *Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *4 (S.D. Fla. Mar. 17, 2020) (J. Reinhart) (finding $350 to be a reasonable rate for an associate attorney admitted to the bar in 2017).

iii.  Hourly Rate of Paralegals

Michael Robert Mulvaney is a paralegal and seeks an hourly rate of $200.00. Jamie James is a paralegal and seeks an hourly rate of $200.00. Lia DiNuzzo is a legal assistant and seeks an hourly rate of $175.00. The requested paralegal and legal assistant rates are unreasonable. I recommend that the Court reduce the paralegal and legal assistant fees to $135.00 per hour, which is a more appropriate figure. *See Leon v. Atlass System Inc.*, No. 15-24428-CIV, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (J. O'Sullivan) (finding $135 to be a reasonable rate for a paralegal).

b. *Reasonable Hours*

Judge Valle's words in *TYR Tactical* are instructive on the court's need to be conservative in awarding fees to a party:

> [C]ourts are not required to become "green-eyeshade accountants" in reviewing a party's fee submission. *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Instead, the essential goal for the trial court "is to do rough justice, not to achieve auditing perfection." *Id.* To this end "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Simply put, courts are not authorized "to be generous with the money of others." *Id*.

2018 WL 3110799, at *5.

With regard to the paralegal fees charged, the general rule is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. *See Jean v. Nelson*, 863 F.2d 759, 778-80 (11th Cir. 1988) (time spent by paralegals and law clerks could be reimbursed to the extent that the work was normally done by an attorney). "By contrast, 'work that is clerical or secretarial in nature is not separately recoverable.'" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (J. Seltzer) (quoting Jean v. Nelson, 863 F.2d at 778).

Here, the time entries indicate that Mr. Mulvaney spent approximately half of the hours logged filing documents. This task is ministerial work that is not compensable. *See Fox v. The Marquis Corp.*, No. 08-81264- CIV, 2010 WL 1010871, at *7 (S.D. Fla. Mar. 15, 2010) (J. Cohn) ("paralegal fees for performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers are not compensable") (citation omitted). Accordingly, I recommend that his time be reduced by 50%. *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017) (J. Hopkins) (reducing paralegal time by 50% to account for clerical work).

D. Costs

Corson also requests recovery for costs. The prevailing party in a copyright infringement case may recover costs listed in 28 U.S.C. § 1920. *See Artisan Contractors Ass'n of Am., Inc. v.*

10

*Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001). The statute allows for the recovery of the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies or any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Corson's requested cost award totals $448.10, which includes filing fees to the court ($400.00), $40.00 in service charges, and $8.10 in mailing costs. As all are recoverable under Section 1920, Corson is entitled to the full amount.

## **RECOMMENDATION**

For the foregoing reasons, I RECOMMEND that the District Court GRANT IN PART and DENY IN PART the Motion for Default Judgment. Plaintiff should be granted damages of $57,600, attorney's fees of $3,300.25, and costs of $448.10. Defendant should also be enjoined from further unlicensed use of Plaintiff's copyrighted Work. Within five (5) days of entry of this Report and Recommendation, Plaintiff shall file a proposed injunction that conforms to Fed. R. Civ. P. 65(d).

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 7th day of August, 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE